Filed 4/26/24

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

**CERTIFIED FOR PARTIAL PUBLICATION\***

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADAM T. FOSTER,<br><br>    Defendant and Appellant. | 30-2022-01298571 (consolidated with 30-2023-01309830<br><br>(Super. Ct. No. 19WM16974)<br><br>OPINION |

Appeal from a judgment of the Superior Court of Orange County, Kevin Haskins, Judge. Affirmed.

Law Offices of Paul Taylor Smith and Paul Taylor Smith, under appointment by the Appellate Division of the Orange County Superior Court, for Defendant and Appellant.

Todd Spitzer, District Attorney, and Austin Deuel, Deputy District Attorney, for Plaintiff and Respondent.

―――――――――――

In this consolidated appeal, Adam T. Foster appeals from postjudgment orders denying his motion to withdraw his guilty plea (Case No. 30-2022-

---

\* Pursuant to California Rules of Court, rules 8.1105(b), 8.1110, and 8.887(b), this opinion is certified for publication with the exception of part I of the Discussion.

01298571) and motion to vacate restitution interest (Case No. 30-2023-01309830).

In the appeal from the order denying the motion to withdraw the plea, Foster's appointed counsel filed a brief setting forth the facts of the case, which raised no issues. Counsel requested we independently review the entire record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)

In the appeal from the order denying his motion to vacate restitution interest, Foster contends the trial court erred in ordering restitution with interest under Penal Code[2] section 1202.4, subdivision (f)(3)(G) in violation of section 1465.9.

We affirm both orders.


## BACKGROUND

In October 2019, Foster was charged with two counts of violating a protective order (§ 273.6, subd. (a); counts 1 and 4), domestic violence battery (§ 243e, subd. (a); count 2) and false imprisonment (§ 236; count 3). Foster pleaded not guilty to all counts.

In March 2022, Foster withdrew his plea of not guilty and pleaded guilty to counts 1 and 4, and the trial court dismissed the remaining counts on motion of the People. Prior to pleading guilty, the trial court advised Foster of the constitutional rights he was waiving. Foster then submitted a guilty plea form indicating his understanding of the consequences of his plea, stating, "I offer the following facts as the basis for my guilty plea: [¶] On or

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

about 7/13/17 [and] 7/17/19, in Orange County, California, I unlawfully violated a court order."

The trial court suspended the imposition of sentence and placed Foster on three years of informal probation with various terms and conditions, including a mandatory state restitution fine of $150 (§1202.4 or 1202.4(b)), a probation revocation restitution fine of $150, stayed to become effective only upon revocation of probation (§ 1202.44), and 30 days in county jail with 10 days stayed on condition of completion of probation. The trial court separately imposed victim restitution in an amount and manner to be determined by the Victim Witness office with interest at the rate of 10 percent per year from the date of the loss.

In April 2022, the trial court received a notice from Victim Witness of determined restitution and set victim restitution in the amount of $2,783.85 plus 10 percent interest per year as to counts 1 and 4. In June 2022, the trial court modified the restitution amount to $2,461.35. On the first day of every month since, monthly interest of $20.51 has been assessed.

In September 2022, Foster, while self-represented, filed a motion to withdraw his plea of guilty on grounds he did not enter into his plea knowingly, intelligently, nor of his own free will. Counsel was appointed for Foster. In November 2022, Foster's counsel filed a supplemental motion to withdraw the plea, and the People filed their opposition.

The trial court heard testimony from Foster and his girlfriend and took judicial notice of Foster's *Tahl*[3] form and terminal disposition forms. The People played the recording of Foster's plea in March 2022. Foster confirmed the recording was a true and accurate account of the plea wherein the trial court advised him of his rights and informed him of the sentence. The trial

---

[3] *In re Tahl* (1969) 1 Cal.3d 122.

3

court denied the motion, finding Foster had not met his burden of proof. Foster appealed the order (First Appeal).

In December 2022, Foster filed a petition to modify the restitution order to waive accrued interest. In January 2023, Foster made an oral motion to remove the interest accruing on the restitution owed. The trial court requested briefing. In February 2023, Foster filed a motion to vacate restitution interest pursuant to California Assembly Bill No. 177 (AB 177).[4] The People did not file written opposition. The trial court granted the motion as to interest on the state restitution fine but denied the motion as to interest accrued on the restitution owed to the victim. Foster appealed the order (Second Appeal).

We ordered the two appeals consolidated for all purposes.

## DISCUSSION

### I.     First Appeal [NOT CERTIFIED FOR PUBLICATION]

Foster's counsel filed a brief under the authority of *Wende* and *Anders*, which sets forth statements of the case and facts and asks this court to review independently the entire record on appeal. We offered Foster an opportunity to file a personal supplemental brief. None was filed.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we conducted an independent review of the record and find no arguable issues.

### II.     Second Appeal

Under California law, convicted criminals may be required to pay up to three types of restitution: a restitution fine paid to the state restitution fund (§ 1202.4, subds. (b), (e)); victim restitution paid directly to the victim (Cal. Const., art. I, § 28, subd. (b)(13)(B); § 1202.4, subd. (f)); or restitution paid as

_____

[4] AB 177 enacted section 1465.9.

4

a condition of probation (§ 1203.1; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121). Here, the trial court imposed all three types of restitution.

Foster contends the trial court erred in denying his motion to vacate interest accrued on restitution owed to the victim.[5] Notwithstanding section 1202.4, Foster contends the clear meaning of section 1465.9, which provides court-imposed costs shall be unenforceable and uncollectable, extends beyond costs to interest on victim restitution. (See § 1465.9, subd. (b).) We disagree.

## A.    Standard of Review

We review questions of statutory interpretation de novo. (*People v. Brown* (2023) 14 Cal.5th 530, 536 (*Brown*).) "We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Ibid.* (cleaned up).) The statutory language is usually the most reliable indicator of Legislative intent. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1045 (*Hughes*).)

## B.    Statutory Text

Effective July 1, 2021, California Assembly Bill No. 1869 (AB 1869) abrogated the authority of courts to impose and collect 23 different

---

[5] The trial court granted the motion as to the restitution fine paid to the state restitution fund, and the probation revocation restitution fine is triggered only upon revocation of probation. The record does not reflect Foster's probation has been revoked. Hence, we address only victim restitution.

5

administrative fees, by enacting section 1465.9 and Government Code section 6111. (Stats. 2020, ch. 92, §§ 11, 62.)

AB 177 later amended section 1465.9 to provide "[o]n and after January 1, 2022 the balance of any *court-imposed costs* pursuant to [s]ection . . . 1202.4 . . . as [that] section[ ] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b), italics added.)

> On December 31, 2021, section 1202.4 read, in relevant part,
> (a)(1) It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime . . . .
>
> (3) The court in addition to any other penalty provided or imposed under the law, shall order the defendant to pay both the following: . . . .
>
> (B) *Restitution to the victim or victims*, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a *civil judgment* . . . .
>
> (f) Except as provided in subdivisions (q) and (r), in every case in which a victim has suffered economic loss as a result of defendant's conduct, *the court shall require that the defendant make restitution to the victim or victims* in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court *shall order full restitution* . . . .
>
> (3) To the extent possible, the restitution order . . . *shall be of a dollar amount that is sufficient to fully reimburse the victim or victims* for every determined economic loss incurred as a result of the defendant's criminal conduct, including, but not limited to, all of the following: . . .
>
> (G) *Interest, at the rate of 10 percent per annum*, that accrues as of the date of sentencing or loss, as determined by the court . . . .

6

(§ 1202.4, subds. (a), (f)(3)(G), italics added.)

Section 1202.4 primarily concerns victim restitution; it contains four references to costs, all related to victim restitution. (See § 1202.4, subds. (f)(3)(H) [victim restitution may include costs of collection by a private entity]; (f)(3)(L) [victim restitution may include costs to monitor credit report and costs to repair credit of victim of identity theft]; (q)(1) [victim restitution shall include costs incurred as result of investigation].)

## C. Constitutional Context and Legislative History

"Restitution is constitutionally and statutorily mandated in California. ([Citation]; Cal. Const., art. I, § 28, subd. (b).) The constitutional mandate for restitution is carried out through Penal Code section 1202.4 . . . ." (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045, fn. omitted.)

In enacting AB 1869, the Legislature stated:

(1) Existing law imposes various fees contingent upon a criminal arrest, prosecution, or conviction for the *cost of administering the criminal justice system*, including administering probation and mandatory supervision, processing arrests and citations, and administering home detention programs, continuous electronic monitoring programs, work furlough programs, and work release programs. [¶] This bill would repeal the authority to collect many of these fees, among others. The bill would make the unpaid balance of these *court-imposed costs* unenforceable and uncollectible and would require any portion of a judgment imposing those costs to be vacated.

(Assem. Bill No. 1869 (2019-2020 Reg. Sess.), italics added.)

AB 177 later amended section 1465.9 to provide the balance of court-imposed costs shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated. (See § 1465.9, subd. (b).) The Legislature's purpose in enacting this statute was "to eliminate the range of *administrative fees that agencies and courts are authorized to impose*

7

to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the *imposition of administrative fees*." (Stats. 2021, ch. 257, § 2, italics added.)

In enacting AB 177, the Legislature stated:

> (5) Existing law imposes various fees contingent upon a criminal arrest, prosecution, or conviction for the *cost of administering the criminal justice system*, including lab fees, drug testing, and incarceration, among others.  [¶]  The bill would make the unpaid balance of many *court-imposed costs* unenforceable and uncollectible and would require any portion of a judgment imposing those costs to be vacated.

(Assem. Bill No. 1869 (2021-2022 Reg. Sess.), italics added.)

### D.    Application

Section 1465.9.'s plain language provides only certain "court-imposed costs" are unenforceable and uncollectible.  The plain language does not include interest accrued on the restitution amount owed to the victim.  (§ 1465.9.)  Because the language is clear and would not result in absurd consequences, we follow its plain meaning.  (*Brown, supra,* 14 Cal.5th at p. 536.)

Even so, there is no indication the Legislature intended to provide convicted defendants relief from interest on victim restitution.  When AB 177 repealed and re-enacted section 1202.4, it left intact subdivision (f)(3)(G), the provision requiring the imposition of 10 percent per annum interest on a direct victim restitution award.  (Stats. 2021, ch. 257, §§ 19, 20.)  The legislative history of section 1465.9 also demonstrates the purpose of the statute was to eliminate "various *fees* contingent upon a criminal arrest, prosecution, or conviction for the *cost of administering the criminal justice system*." (Assem. Bill No. 1869 (2019-2020 Reg. Sess.); Assem. Bill No. 1869 (2021-2022 Reg. Sess.), italics added.)

8

"Restitution is 'intended to make the victim whole.'" (*People v. Grundfor* (2019) 39 Cal.App.5th 22, 30.) Interest is required to make the victim whole. (See *In re S.E.* (2020) 46 Cal.App.5th 795, 809–810 ["[w]here a victim, or, as in this case, the state, pays out money for expenses incurred by the victim as a result of a defendant's . . . criminal conduct, the use of that money for other purposes is lost until reimbursed by the payment of restitution," and under section 1202.4, subdivision (f)(3)(G), "the Legislature has determined 10 percent per annum is appropriate recompense for this loss of use"]; *People v. Pangan* (2013) 213 Cal.App.4th 574, 581 ["the point of a restitution award is that the crime perpetrator is indeed responsible to pay the award now, which is why the award carries interest from the date of sentencing or date of loss"].) Unlike victim restitution, fees for the cost of administering the criminal justice system are not designed to make a victim whole.

Our conclusion is consistent with constitutional, statutory, and decisional law upholding a maximum of 10 percent per annum interest on judgments. Article XV, section 1, subdivision (2) of the California Constitution provides, "The rate or interest upon a judgment rendered in any court of this state shall be set by the Legislature at not more than 10 percent per annum." This section is a limitation on the power of the Legislature to set postjudgment interest rates and sets a ceiling the Legislature cannot exceed. (*Morris v. Department of Real Estate* (1988) 203 Cal.App.3d 1109, 1112.) In the context of civil judgments, absent certain exceptions, interest accrues at 10 percent per annum. (Code Civ. Proc., § 685.010, subd. (a)(1).) We discern no reason why victim restitution should be treated differently, especially in light of section 1202.4, subdivision (f)(3)(G). (See also, § 1202.4, subd. (a)(3)(B) [victim restitution shall be enforceable as civil judgment].)

9

The trial court properly denied Foster's motion to vacate interest accrued on victim restitution.  We find no error.

## DISPOSITION

The postjudgment orders are affirmed.


_____
John R. Zitny
Judge


WE CONCUR:


_____
Robert A. Knox
Presiding Judge


_____
Kimberly A. Knill
Judge